# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

| HERIBERTO HUERTA, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-11-CA-476-OG |
| MARCIA G. SHAW and | § | |
| LAW OFFICE of MARCIA G. SHAW, | § | |
| | § | |
| Defendants | § | |

## U.S. MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**To: The Honorable Orlando L. Garcia, U.S. District Judge**

Before the Court is Plaintiff Heriberto Huerta's 28 U.S.C. § 1332 diversity Complaint (Docket Entry # 1) and Defendants Marcia G. Shaw and Law Office of Marcia G. Shaw's Motion to Dismiss (Entry # 5). This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1).

### I. Procedural History

Huerta was convicted of multiple drug-trafficking and racketeering offenses and was sentenced to life in *U.S. v. Huerta*, No. SA-93-CR-136-OG (W.D. Tex., *jmt. entered* June 1, 1994). His convictions were affirmed on direct appeal and the Supreme Court denied his certiorari petition. *U.S. v. Krout*, 66 F. 3d 1420 (5th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996). Huerta then retained the services of Marcia G. Shaw and the Law Office of Marcia G. Shaw, P.C., to file a 28 U.S.C. § 2255 motion to vacate collaterally challenging his federal convictions. Shaw filed a § 2255 Motion that was dismissed as untimely. *See U.S. v. Huerta*, Nos. SA-93-CR-136-OG & SA-97-CR-539-EP (W.D. Tex., *dismissed* March 16, 1998).

Huerta filed this diversity suit against Shaw and her Law Office for breach of contract, money had and received, breach of fiduciary duty, fraud, and negligence alleging Shaw's failure to timely file the § 2255 motion breached her professional and contractual duties.

## II. Jurisdiction

Huerta alleges he is a Texas citizen and Shaw and the Shaw Law Office, which is a Georgia professional corporation, are Georgia citizens, and Huerta seeks "damages . . . within the jurisdictional limits of th[is] Court." Huerta has properly invoked this Court's § 1332 diversity jurisdiction, and this Court has jurisdiction of Huerta's state law claims. Hereafter this Court will refer to Shaw and the Shaw Law Office collectively as simply "Shaw."

## III. Analysis

Shaw moves that Huerta's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and argues that Huerta's allegations are not sufficient to entitle Huerta to relief under Texas law. To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Shaw's motion to dismiss is narrowly tailored: Shaw contends that under Texas law a convicted individual has no claim against an attorney for malpractice in a collateral proceeding challenging a criminal conviction unless the conviction has been set-aside. The authorities Shaw cites do not support Shaw's proffered interpretation of Texas law.

Shaw first relies on *Saks v. Sawtelle, Good, Davidson & Troilo*, 880 S.W.2d 466, 469-71 (Tex. Ct. Apps. – San Antonio 1994, *writ denied*), and *Dover v. Baker, Brown, Sharman & Parker*, 859 S. W. 2d 441, 450-51 (Tex. Ct. Apps. – Houston 1993), where the respective Texas court of appeals held a convicted individual is barred from suing his legal counsel for malpractice that was "inextricably intertwined" with the offenses the individual was convicted of, because allowing a convicted individual to do so would let him profit from his own illegality or wrong. However, Huerta does not sue Shaw for legal advise that was "inextricably intertwined" with the offenses he was convicted of; rather he alleges Shaw breached her professional and contractual responsibilities in the collateral § 2255 proceeding by filing an untimely motion; and therefore *Saks* and *Dover* have no bearing in this case.

Shaw next relies on *Peeler v. Hughes & Luce*, 909 S. W. 2d 494, 497-98 (Tex. 1995), where the Texas Supreme Court held a convicted individual has a claim for legal malpractice against his counsel for counsel's alleged negligent representation in a criminal proceeding resulting in the individual's conviction "only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise." However, the rule of *Peeler* does not apply in the present case because *Peeler* addresses alleged legal malpractice in the context of a criminal proceeding resulting in a conviction, not alleged malpractice in a collateral proceeding as in Huerta's case. Shaw was not Huerta's trial counsel in the criminal proceeding and Huerta does not sue Shaw for negligence in the underlying criminal proceeding, rather he sues Shaw for the breach of her professional and contractual duties in the § 2255 proceeding. Pursuant to *Peeler* a convicted individual can pursue a legal malpractice claim if exonerated on appeal or through habeas corpus proceedings. However, extending *Peeler* to alleged legal malpractice in a collateral proceeding such as a § 2255 proceeding does not make

sense; because Huerta's § 2255 motion was untimely, Huerta has no further recourse and cannot exonerate himself.

Shaw's reliance on *Saks, Dover,* and *Peeler* is misplaced: the cases involve legal malpractice in a criminal proceeding resulting in a criminal defendant's conviction; the cases are inapposite to collateral proceedings and thus do not support dismissal in this case. The burden is on the movant to substantiate her motion, and Shaw failed to show the rules of *Saks*, *Dover*, or *Peeler* have been applied in the collateral context, and this Court has been unable to find any such authority. Furthermore, the rule proposed by Shaw - that a convicted individual has no legal recourse against an attorney for malpractice in a collateral proceeding unless the underlying criminal conviction is set-aside - does not make public policy sense. Such a rule would mean counsel in a collateral proceeding could accept a fee to file a petition or application, do nothing, and would not be subject to suit. There is no authority to support the conclusion that Texas law would countenance such a rule or result.

## IV. RECOMMENDATION:

Shaw filed narrow motion to dismiss arguing that under Texas law a convicted individual has no claim against an attorney for malpractice in a collateral proceeding challenging a criminal conviction unless the conviction has been set-aside. For the reasons stated above, I recommend that defendant's argument and motion to dismiss (Entry # 5) be **DENIED**.

### Instructions for Service and Objections:

The Clerk of Court shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt

requested. Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Court and serve all parties with written objections to this Report and Recommendation within fourteen (14) days after being served with a copy. *See U.S. v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. *Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted by the district judge, except for plain error. See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 19, 2011.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE