UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERIBERTO HUERTA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-11-CA-476-OG |
| MARCIA G. SHAW and | § | |
| LAW OFFICE of MARCIA G. SHAW, | § | |
| | § | |
| Defendants | § | |

**U.S. MAGISTRATE JUDGE'S**
**AMENDED REPORT and RECOMMENDATION**

**To: Honorable Orlando L. Garcia**
**U.S. District Judge**

Before the Court is Plaintiff Heriberto Huerta's 28 U.S.C. § 1332 diversity Complaint (Docket Entry # 1), Defendants Marcia G. Shaw and Law Office of Marcia G. Shaw's Motion to Dismiss (Entry # 5), this Magistrate Judge's Report and Recommendation (Entry # 16), and Defendants' Objections (Entry # 17). In light of the additional authorities presented in Defendant's Objections, this Magistrate Judge withdraws the previous Report and Recommendation and substitutes this Amended Report and Recommendation. This Amended Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1).

**I. Procedural History**

Huerta was convicted of multiple drug-trafficking and racketeering offenses and was sentenced to life in *U.S. v. Huerta*, No. SA-93-CR-136-OG (W.D. Tex., *jmt. entered* June 1, 1994). His convictions were affirmed on direct appeal. The Supreme Court denied his certiorari petition. *U.S. v. Krout*, 66 F. 3d 1420 (5th Cir. 1995), *cert. denied*, 516 U.S. 1136 (1996). Huerta then retained

the services of Marcia G. Shaw and the Law Office of Marcia G. Shaw, P.C., to file a 28 U.S.C. § 2255 motion to vacate collaterally challenging his federal convictions. Shaw filed a § 2255 Motion that was dismissed as untimely. *See U.S. v. Huerta*, Nos. SA-93-CR-136-OG & SA-97-CR-539-EP (W.D. Tex., *dismissed* March 16, 1998).

Huerta filed this diversity suit against Shaw and her Law Office for breach of contract, money had and received, breach of fiduciary duty, fraud, and negligence alleging Shaw's failure to timely file the § 2255 motion breached her professional and contractual duties.

## II. Jurisdiction

Huerta alleges he is a Texas citizen and Shaw and the Shaw Law Office, which is a Georgia professional corporation, are Georgia citizens. Huerta seeks "damages . . . within the jurisdictional limits of th[is] Court." Huerta has properly invoked this Court's § 1332 diversity jurisdiction, and this Court has jurisdiction of Huerta's state law claims. Hereafter this Court will refer to Shaw and the Shaw Law Office collectively as simply "Shaw."

## III. Analysis

Shaw moves that Huerta's Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, i.e. Shaw contends Huerta's allegations are not sufficient to entitle Huerta to relief under Texas law. To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).

In a Texas diversity case, this Court applies federal procedural law and Texas substantive law. *Cerda v. 2004-EQR1 L.L.C.*, 612 F. 3d 781, 786 (5th Cir. 2010). Where the Texas Supreme Court has not ruled on a question a federal court "must make an 'Erie guess' as to how the Texas Supreme Court would apply state law," and in doing so, the federal court must "defer to intermediate state appellate court decisions, unless convinced by other persuasive data that the higher court of the state would decide otherwise." *Id.* at 794.

Shaw contends under Texas law a convicted individual has no claim against an attorney for malpractice in a collateral proceeding challenging a criminal conviction unless the conviction has been set-aside. Shaw relies on *Peeler v. Hughes & Luce*, 909 S. W. 2d 494, 497-98 (Tex. 1995), where the Texas Supreme Court held a convicted individual has a claim for legal malpractice against his counsel for counsel's alleged negligent representation in a criminal proceeding resulting in the individual's conviction "only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise." In three unpublished decisions, *Meullion v. Gladden*, No. 14-10-1143-CV, 2011 WL 5926676 at *3-4 (Tex. App.–Houston, Nov. 29, 2011); *Butler v. Mason*, No. 11-5-273-CV, 2006 WL 3747181 at *1-2 (Tex. App.– Eastland, Dec. 21, 2006, *pet. denied*); and *Falby v. Percely*, No. 9-4-422-CV, 2005 WL 1038776 at *2 (Tex. App.– Beaumont, May 5, 2005), the respective Texas Court of Appeals applied *Peeler* to bar legal malpractice suits based on alleged malpractice in habeas corpus proceedings where the underlying criminal conviction had not been overturned or set-aside. Furthermore, in *Meullion v. Gladden*, 2011 WL 5926676 at *4, the Texas court of appeals held the *Peeler* bar also extended to the alleged fraud, breach of fiduciary duty, and breach of contract claims because these were "merely relabaled claims for professional negligence."

These decisions are unpublished and as court of appeals decisions they are not binding, however they are persuasive authority. Because three Texas courts of appeal have ruled that alleged professional negligence *and other related claims* arising from representation in a habeas corpus proceeding are barred by *Peeler* unless the underlying conviction has been overturned or set aside, *see Meullion v. Gladden*, *Butler v. Mason*, and *Falby v. Percely*, and because Huerta presented no authority to the contrary, these authorities are a reliable indication of the direction of Texas law, and compel my recommendation that this Court defer to these intermediate Texas court decisions. *See Cerda v. 2004-EQR1 L.L.C.*, 612 F. 3d at 794. Also because a § 2255 proceeding is a collateral proceeding comparable to a habeas corpus proceeding, this Magistrate Judge is convinced the Texas courts would apply the public policy considerations inherent in the *Peeler* decision to bar Huerta's malpractice claim, as well as his breach of contract, fraud, and other claims.

## IV. Recommendation

For the reasons explained above, it is respectfully recommended that Defendants' Motion to Dismiss (Entry # 5) be **GRANTED** and this case be **DISMISSED**.

## Instructions for Service and Objections:

The Clerk of Court shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Court and serve all parties with written objections to this Report and Recommendation within fourteen (14) days after being served with a copy. *See U.S. v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). A party filing objections must

specifically identify those findings, conclusions or recommendations to which objections are made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. *Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted by the district judge, except for plain error. See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 6, 2012.

*(signature)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE